[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned case is an appeal from the October 1, 1990 real estate tax revaluation of the Town of Madison. The plaintiffs, the owners of property located at 133 Middle Beach Road, contest the valuation placed on the property by the town's assessor.
The parties stipulated that the valuation determined by this court shall from the basis of property tax liabilities for the property for each year from October 1, 1990 to the date of the next valuation, whether that occurs as a result of a decennial revaluation or upon improvements to the property. CT Page 448-L
The parties have further agreed that the tax assessor, in his or her discretion, shall apportion the court's valuation between land and improvements.
The property at issue is a six-bedroom seasonal beach cottage with one and one-half baths, situated across the street from the beach. The house has views of Long Island Sound from the dining room and limited views from some other rooms. The house is within easy walking distance to the beach. The rear boundary of the property abuts a salt marsh area, creating appealing and expansive views from the rear porch. The house has very limited off-street parking.
The appraiser called as a witness by the plaintiffs testified that the value of the property is $313,000. The town's appraiser testified that the value is $420,000. Because of the paucity of sales of comparable seasonal cottages near the water, both appraisers had to rely on extrapolations of value from sales of houses that were in the area but closer to the beach, or that were useable all year or for three seasons. The appraisers differed in the adjustments they made for such factors as proximity to the beach and number of months of use to be had.
The evidence included indications that a seasonal property of CT Page 448-M similar size with far inferior beach access sold for $335,000 in September 1990, and that a seasonal cottage with better beach access sold for $525,000 thirteen months earlier. While the appraiser presented by the plaintiff's assumed that the subject property could not be converted for year-round use, only hearsay evidence was presented to support that assumption.
After weighing the credibility of the witnesses and the weight to be given their testimony in view of the facts as indicated by the actual sales, the court finds the value of the property as of October 1, 1990 to be $375,000.
Having prevailed in their appeal, the plaintiffs shall recover their statutory court costs.
Beverly J. Hodgson Judge of the Superior Court